LUTHER E. PIALL, Judge pro tem.
Plaintiff brought this action “quanti minoris” under the provisions of LSA-C. C. 2541 seeking a reduction of $1,755.00 in the purchase price of a residence or for damages in the same amount on account of defective windows and improper installation thereof. The defendant urged as his sole defense the prescriptions set forth in LSA-C.C. Arts. 2534 and 2546. After trial on the merits there was judgment below in favor of the defendant and plaintiff appealed.
Plaintiff purchased a dwelling house from the defendant builder and contractor on November 9, 1954. This suit was filed on September 10, 1957.
In his petition plaintiff alleges that before the end of 1955 the walls and floor of the house evidenced water damage in the nature of discoloration and stains in conspicuous places immediately beneath the windows. He alleges further that the damage was caused by water leaking through the sliding type windows, known as horizontal windows, and that he was unaware of the exact way in which the water leaked through the horizontal slide-type windows but on information and belief he alleges it accummulated in the aluminum slide or track and overflowed into the rooms. He further alleges that the defendant knew of the defects but concealed them from him.
The pertinent articles of the Revised Civil Code read as follows:
“Art. 2534. The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
“This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser. * * *” LSA-C.C. 2534.
“Art. 2545. The seller, who knows of'the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the. *40 expenses, is answerable to the buyer in damages.” LSA-C.C. 2545.
“Art. 2546. In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.
“This discovery is not to be presumed; it must be proved by the seller.” LSA-C.C. 2546.
The sole question presented here is whether plaintiff’s suit was filed within one year of his discovery that the premises contained a redhibitory vice.
Both his petition and the proof adduced in his behalf show that the conditions complained of were known to him before the end of the year 1955. Plaintiff contends however that although he was well aware of the leaking windows and the damage caused thereby he did not know that the cause thereof was poor design and defective installation until October 1956 when he procured estimates for the repair of the damage.
The testimony shows that the cause of the windows leaking was cracks in the joints where the aluminum slides or tracks met the metal perpendicular side members of the windows. The cracks were not welded and had no gasket or seal which would prevent water coming in from the corners.
It seems to us as it did to the trial judge that this vice could have been discovered by superficial examination by any layman.
We agree with the following statement madifby the trial judge in his reasons for judgment:
“ * * * it js obvious to the court, from the testimony in the record, not only that the windows leaked as early as 1955, but that the plaintiff knew the cause of the leaks was that the joints at the corners of the metal frames were not welded and water tight, and hence he knew exactly where the water was coming from and what the vice in the frames was, as such could have been discovered by superficial examination by a layman.”
Not having filed his suit within a year of the discovery of the redhibitory defects, plaintiff’s suit is prescribed.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.